The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Bost and the brief and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the modification of Findings of Fact 5, 6, 7, and 8 as well as the Conclusions of Law and the Award sections.
Plaintiff's brief to the Full Commission is hereby stricken because it was not written by her nor was it written by an attorney licensed to practice law in North Carolina. As such, it represents the unauthorized practice of law under N.C.G.S. 84-4.
Defendants' motion to dismiss plaintiff's appeal is hereby DENIED.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The parties agree that the Industrial Commission had jurisdiction over the subject matter and that the parties were bound by the terms of the North Carolina Workers' Compensation Act.
2. That an employee-employer relationship existed between the plaintiff and the employer-defendant on September 17, 1991.
3. That Pennsylvania Manufacturers Association Insurance Company is the carrier on the risk.
4. That employee-plaintiff's average weekly wage is Two Hundred Two and 50/100 Dollars ($202.50).
5. Employee-plaintiff has received temporary total disability from September 18, 1991 through January 6, 1992.
6. That exhibits representing the medical evidence in this case are received into evidence. Specifically, said exhibits being:
 (a) Sixteen pages from Southeastern Orthopaedic Clinic and Dr. Landon Anderson.
 (b) Nerve conduction study report consisting of three pages.
 (c) MRI of cervical spine report dated 01-07-92 consisting of one page from New Hanover Regional Medical Center.
 (d) Five pages from Wilmington Physical Therapy dated April 16, 1992.
 (e) Four pages from Brunswick Island Medical Associates dated 09-18-91.
 (f) Two pages dated March 3, 1992 from Dr. John A. Azzato.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner, as modified, as follows:
FINDINGS OF FACT
1. Plaintiff began work with employer-defendant in October of 1989 as a nurse's aid. Her position required her to feed, bathe, and provide personal care for nursing home patients.
2. On September 17, 1991, plaintiff incurred an injury by accident arising out of and in the course of her employment while trying to lift a patient into bed.
3. Plaintiff initially was seen at Brunswick Island Medical Center where she was seen for tenderness in her left shoulder and given X-rays of the shoulder. The X-rays were normal and she was diagnosed with a shoulder strain and released that same day. On September 23, 1991, plaintiff returned to Brunswick Island Medical and was referred to Dr. Landon Anderson for an orthopaedic evaluation.
4. Dr. Anderson examined plaintiff on September 24, 1991 and took X-rays of her cervical spine which were normal. Dr. Anderson's diagnosis was strain of the left shoulder and cervical spine with emotional overlay.
5. Plaintiff returned to light-duty work on October 31, 1991 with restrictions of no lifting and no use of the left arm. She was provided a hallway job giving assistance to patients, including such duties as tidying their rooms and helping with their meal service.
6. Plaintiff performed these job duties with no problems until going out of work from November 8, 1991 until January 8, 1992. Her work restrictions at that time were no overhead use of the left arm and no lifting over 10 pounds with the left arm.
7. In February 1992 plaintiff was transferred to the laundry room. Plaintiff only had to fold towels once they were dry. Plaintiff did not have to handle any wet clothes and a co-employee was provided in the laundry room to hang up the clothes and lift the wet clothes from the washer to the dryer. Thus, plaintiff did not have to use her left arm to lift or for overhead use in the laundry room position.
8. On March 3, 1992, plaintiff was seen by orthopaedic surgeon John A. Azzato. Dr. Azzato found that plaintiff had cervical syndrome with left shoulder pain with no evidence of nerve root irritation. He increased her activity level and returned her to full duty with no restrictions on March 15, 1992.
9. On March 30, 1992, plaintiff returned to Dr. Anderson, complaining of pain in her low back, left leg, left shoulder and left forearm. At plaintiff's request, Dr. Anderson took plaintiff out of work and then released her to return to work in July of 1992 with the restrictions of no lifting overhead and no lifting greater than 35 pounds. Plaintiff, however, admitted that the laundry room job was not strenuous and she could not name a specific physical activity that prevented her from performing the laundry room position. Plaintiff provided no evidence of any doctors precluding her from doing the laundry room position in April 1992 or beyond. Plaintiff unjustifiably refused suitable employment within her work restrictions offered by defendant-employer.
10. Plaintiff last worked for employer-defendant in April 1, 1992. When plaintiff left the laundry room position, she did not report to anyone her alleged complaints of pain from these duties. She testified that throughout the remainder of 1992, she was unable to run errands, do shopping, or do her laundry without experiencing great pain. However, there was videotaped surveillance of her involvement in all those activities which showed no indications of any problems.
11. Following April 1992, plaintiff applied for and received unemployment benefits. As such, she certified herself to the Employment Security Commission as ready, willing, and able to work. Plaintiff testified that she was required to put in applications to other employers in order to be eligible to receive those benefits. She admitted that her applications were for the sole purpose of receiving those benefits and not really to obtain the employment position.
12. The medical evidence submitted and the plaintiff's testimony shows that she did not see any doctors beyond July 1992. The only exception to this is when she went to see her family doctor for high blood pressure and not for any injury related to the compensable accident.
13. Plaintiff did not seek any medical treatment throughout the entire year of 1993.
14. There is insufficient evidence of record to prove by its greater weight that plaintiff's low back and left leg pain are causally related to the compensable injury by accident.
15. As a result of the compensable injury by accident, plaintiff has a five percent (5%) permanent functional impairment to her back.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On September 17, 1991, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer in that she sustained a specific traumatic incident of the work assigned. N.C.G.S. 97-2 (6).
2. If an injured employee refuses employment procured for her which is suitable to her capacity, she shall not be entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal was justified. N.C.G.S. 97-32.
3. As a result of the compensable injury on September 17, 1991, plaintiff was disabled from work and was entitled to receive temporary total disability compensation at the rate of $135.01 per week from September 18, 1991 through January 6, 1992, which has already been paid by defendant to her. Plaintiff is not entitled to continued temporary disability compensation since, in the opinion of the Commission, plaintiff's refusal to accept the suitable employment offered to her after April 1992 was not justified. N.C.G.S. 97-29, 97-32.
4. Plaintiff is entitled to compensation at the rate of $135.01 per week for 12 weeks for the 5 percent (5%) permanent partial disability she sustained to her back as a result of the compensable injury by accident. N.C.G.S. 97-31 (23).
5. Defendant-employer shall pay all medical expenses incurred or to be incurred by the plaintiff as a result of her compensable injury on September 17, 1991. The approved medical expenses shall not include treatment for the low back and left leg pain which are not causally related to the compensable injury by accident. N.C.G.S. 97-25 (before amendment).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay compensation to plaintiff at the rate of 135.01 per week for 12 weeks for the five percent (5%) permanent partial disability she sustained to her back as a result of the compensable injury by accident. This compensation has accrued and shall be paid in a lump sum.
2. Defendant shall pay all medical expenses incurred by plaintiff as a result of her compensable injury on September 17, 1991, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability.
3. Defendant shall pay the costs.
 S/ _____________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ _____________________________ COY M. VANCE